IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUKIS CRUZ,

    Plaintiff,

v.                                                                No. 18cv378 RB/KK

VERIZON CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), filed April 23, 2018 ("Application"), and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1 ("Compl.")), filed April 23, 2018. For the reasons stated below, the Court will **DISMISS** this case without prejudice and **DENY** Plaintiff's Application as moot.

Plaintiff asserts claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, on the grounds that Defendant gave other persons access to the images and data on Plaintiff's phone. (*See* Compl. at 2.) It appears that Plaintiff is seeking the imposition of criminal penalties pursuant to 18 U.S.C. § 1963[1] because he refers to

---

[1] 18 U.S.C. § 1963 provides in part:

> (a) Whoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment), or both, and shall forfeit to the United States, irrespective of any provision of State law—
>
> (1) any interest the person has acquired or maintained in violation of section 1962;
>
> (2) any—

"criminal intention," "felonious actions," "criminal parties," "criminal practices" and an "organized criminal enterprise." (*Id.* at 2–3.) The Court will dismiss Plaintiff's claims for criminal penalties because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

Plaintiff also appears to seek a civil remedy pursuant to 18 U.S.C. § 1964(c)[2] because he requests "some form of monetary relief." (Compl. at 4.)

> In order to bring a RICO claim, a plaintiff must allege a violation of 18 U.S.C. § 1962, which consists of four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity must include at least two predicate acts. Additionally, a

---

> (A) interest in;
>
> (B) security of;
>
> (C) claim against; or
>
> (D) property or contractual right of any kind affording a source of influence over;
>
> any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and
>
> (3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.
>
> The court, in imposing sentence on such person shall order, in addition to any other sentence imposed pursuant to this section, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this section, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

[2] 18 U.S.C. § 1964(c) provides in part:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee. . . .

plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962.

*Gilmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007). Standing is a component of this Court's jurisdiction, and the Court has an obligation "to consider it *sua sponte* to ensure the existence of an Article III case or controversy." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009). The Court will dismiss Plaintiff's RICO claim for civil remedies due to Plaintiff's lack of standing to bring a RICO claim, because Plaintiff has not alleged that he was injured in his business or property by reason of Defendant's violation of 18 U.S.C. § 1962.[3]

---

[3] 18 U.S.C. § 1962 provides:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.
>
> (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

Finally, Plaintiff may also be asserting state law claims for breach of contract and invasion of privacy. (*See* Compl. at 2 (stating "[Defendant] violated the trust and contracts purchased by me" and "my right to privacy which by the outrageous price was more than assumed, but was violated severly [sic] and on large scale").) Having dismissed all of Plaintiff's federal law claims, the Court declines to exercise jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

Having dismissed all of Plaintiff's federal law claims and declining to exercise jurisdiction over Plaintiff's state law claims, the Court will dismiss this case without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that

(i) this case is **DISMISSED without prejudice;** and

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 23, 2018, is **DENIED as moot.**

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

4